# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re Stericycle, Inc. Securities Litigation* | Civ. A. No. 1:16-cv-07145<br>Hon. Andrea R. Wood<br><br>CLASS ACTION<br><br>**ECF CASE** |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of February 14, 2019 (the "Stipulation") is entered into between (a) the Public Employees' Retirement System of Mississippi ("Mississippi") and the Arkansas Teacher Retirement System ("Arkansas Teacher") (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); (b) defendant Stericycle, Inc. ("Stericycle" or the "Company"); (c) defendants Charles A. Alutto, Dan Ginnetti, Brent Arnold, Frank ten Brink, and Richard Kogler (collectively, the "Officer Defendants"); (d) defendants Mark C. Miller, Jack W. Schuler, Lynn Dorsey Bleil, Thomas D. Brown, Thomas F. Chen, Rodney F. Dammeyer, William K. Hall, John Patience, and Mike S. Zafirovski (collectively, the "Director Defendants" and, together with Stericycle and the Officer Defendants, the "Stericycle Defendants"); and (e) defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Goldman Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), J.P. Morgan Securities LLC, HSBC Securities (USA) Inc., MUFG Securities Americas Inc. (f/k/a Mitsubishi UFJ Securities (USA), Inc.), Santander Investment Securities Inc., SMBC Nikko Securities America, Inc., and U.S. Bancorp Investments, Inc. (collectively, the "Underwriter Defendants" and, together with the Stericycle Defendants, the "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval

of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

WHEREAS:

A.     On July 11, 2016, a class action complaint was filed in the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"), styled *St. Lucie County Fire District Firefighters' Pension Trust Fund, et al., v. Stericycle, Inc., et al.*, Case No. 1:16-cv-07145 (ECF No. 1).  An amended class action complaint was filed in the Court on August 4, 2016 (ECF No. 5), and a corrected amended class action complaint was filed in the Court on October 21, 2016 (ECF No. 41).

B.     By Order dated October 31, 2016 (ECF No. 43), the Court: (i) ordered that the case be captioned as *In re Stericycle, Inc. Securities Litigation*, Master File No. 1:16-cv-7145 (the "Action") and that any subsequently filed, removed, or transferred actions that are related to the claims asserted in the Action be consolidated for all purposes; (ii) appointed Mississippi and Arkansas Teacher as Lead Plaintiffs for the Action; and (iii) approved Lead Plaintiffs' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the class.

C.     On February 1, 2017, Lead Plaintiffs filed a Class Action Complaint for Violations of the Federal Securities Laws (the "CAC") (ECF No. 50) asserting: (i) claims under § 10(b) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, against Defendant Stericycle and the Officer Defendants; (ii) claims under § 20(a) of the Exchange Act against the Officer Defendants; (iii) claims under § 11 of the Securities Act of 1933 (the "Securities Act") against Defendant Stericycle, the Director Defendants, the Underwriter Defendants, and Defendants Charles A. Alutto and Dan Ginnetti; (iv) claims under § 12(a)(2) of the Securities Act

2

against the Underwriter Defendants; and (v) claims under § 15 of the Securities Act against the Director Defendants and Defendants Charles A. Alutto, Dan Ginnetti, and Brent Arnold.  The claims under §§ 11 and 12(a)(2) of the Securities Act related to Stericycle's September 2015 offering of depositary shares.  Among other things, the CAC alleged that throughout the alleged class period (February 7, 2013 through September 18, 2016, inclusive), Stericycle made a series of materially false and misleading statements and omissions regarding its alleged practice of automatically and improperly raising the rates charged to Stericycle's small quantity ("SQ") customers without any advance notice to such customers.  The CAC also alleged that Stericycle made materially false and misleading statements about the reasons for the Company's growth, while knowingly or recklessly disregarding that such growth was attributable to the allegedly improper automatic rate increases.  The CAC alleged that certain of the alleged materially false statements were also set forth in the offering materials for Stericycle's September 2015 offering of depositary shares.  The CAC further alleged that the prices of publicly-traded Stericycle common stock and publicly-traded Stericycle depositary shares were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

D.      On April 3, 2017, Defendants filed a motion to dismiss the CAC and a supporting memorandum of law (ECF Nos. 54-55).  On May 19, 2017, Lead Plaintiffs filed their opposition to Defendants' motion to dismiss (ECF Nos. 58-60) and, on June 19, 2017, Defendants filed their reply memorandum of law in further support of their motion to dismiss (ECF No. 65).

E.      On August 7, 2017, Lead Plaintiffs filed a Motion for Judicial Notice of Recent Development ("Motion for Judicial Notice") (ECF No. 67) in further support of their opposition to Defendants' motion to dismiss the CAC, arguing that the Court should take judicial notice of

3

the Company's Form 8-K filed on August 2, 2017. The Form 8-K announced Stericycle's preliminary settlement of a class action litigation that Stericycle's customers had filed against the Company (the "Customer Case") and made certain disclosures that Lead Plaintiffs claimed corroborated their allegations in the Action. On August 11, 2017, the Stericycle Defendants filed their response to the Motion for Judicial Notice (ECF No. 69), which was joined by the Underwriter Defendants on August 15, 2017 (ECF No. 71), and, on August 17, 2017, Lead Plaintiffs served their reply memorandum of law in further support of the Motion for Judicial Notice (ECF No. 72).

F.       On March 6, 2018, Lead Plaintiffs filed a Notice of Recent Development and Intent to Amend the Complaint ("Notice of Recent Development") (ECF No. 80), in order to further inform the Court that: (i) on February 21, 2018, Stericycle made several announcements about the Company's financial condition that were directly relevant to Lead Plaintiffs' allegations in this litigation (including a $25 million expense to combat customer "churn" due to customer price increases), which caused the price of Stericycle stock to fall by 19%; and (ii) Lead Plaintiffs' intention to amend the CAC in order to incorporate this development into the complaint.

G.       On March 20, 2018, Lead Plaintiffs filed an Unopposed Motion to Amend the Class Action Complaint ("Motion to Amend the Complaint") (ECF No. 81), which attached a copy of their proposed Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended CAC" or "Complaint"). By Order dated March 30, 2018 (ECF No. 83), the Court: (i) granted Lead Plaintiffs' Motion to Amend the Complaint (ECF No. 81) and directed the Clerk of the Court to separately docket the Amended CAC submitted with the motion (ECF No. 81-1); and (ii) denied as moot Defendants' motion to dismiss the CAC (ECF No. 54) and Lead Plaintiffs' Motion for Judicial Notice (ECF No. 67).

H.      On March 30, 2018, the Clerk entered the Amended CAC on the Court docket (ECF No. 84).  The Amended CAC identifies the same allegedly false and misleading statements as in the CAC, but incorporates Lead Plaintiffs' additional allegations that Defendants misrepresented the Company's integration of its acquisitions into its operations and allegations arising out of the Company's February 21, 2018 disclosures, and asserts an expanded class period:  February 7, 2013 through February 21, 2018, inclusive (the "Class Period").

I.      On May 25, 2018, Defendants filed a renewed motion to dismiss the Amended CAC and a supporting memorandum of law (ECF Nos. 91-92).  On June 22, 2018, Lead Plaintiffs filed their opposition to Defendants' motion to dismiss (ECF No. 94) and, on July 13, 2018, Defendants filed their reply in further support of their motion to dismiss (ECF No. 95).

J.      In an attempt to resolve the Action, on April 16, 2018, Lead Counsel and counsel for Stericycle participated in a full-day mediation session before Gregory P. Lindstrom, Esq. of Phillips ADR as mediator (the "Mediator") in Chicago, Illinois.  In advance of that session, Lead Plaintiffs and Stericycle exchanged detailed mediation statements, which addressed the issues of liability and damages.

K.      Following the mediation, the Parties engaged in additional negotiations under the supervision and guidance of the Mediator.  The Parties then reached an agreement in principle to settle the Action that was pursuant to a Mediator's recommendation and memorialized in a term sheet executed on December 6, 2018 (the "Term Sheet").  The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims against Defendants in return for a cash payment by Stericycle of $45,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.  The agreement to settle was further conditioned on

5

Lead Plaintiffs confirming the fairness, reasonableness, and adequacy of the proposed Settlement based on due diligence discovery to be provided by the Company.

L.      Pursuant to the Term Sheet, due diligence discovery commenced on or about December 10, 2018. In connection with due diligence discovery, the Company produced 25 confidential deposition transcripts of Stericycle executives (and exhibits) from the related Customer Case, and additional internal Stericycle documents, which were reviewed by Lead Counsel.

M.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

N.      Based upon their investigation, prosecution, and mediation of the case, and further confirmation through due diligence discovery, Lead Plaintiffs and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiffs have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation, trial, and any appeals.

O.      This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an

admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiffs of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.      As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)      "Action" means the consolidated securities class action in the matter styled *In re Stericycle, Inc. Securities Litigation*, Civil Action No. 1:16-cv-07145, and includes all actions consolidated therein.

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c) "Authorized Claimant" means a Settlement Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(d) "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e) "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f) "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g) "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(h) "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(i) "Class Period" means the period from February 7, 2013 through February 21, 2018, inclusive.

(j) "Complaint" or "Amended CAC" means the Amended Class Action Complaint for Violations of the Federal Securities Laws filed in the Action on March 30, 2018.

(k) "Court" means the United States District Court for the Northern District of Illinois, Eastern Division.

8

(l)     "Defendants" means the Stericycle Defendants and the Underwriter Defendants.

(m)     "Defendants' Counsel" means Latham & Watkins LLP, counsel for the Stericycle Defendants, and Winston & Strawn LLP, counsel for the Underwriter Defendants.

(n)     "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

(o)     "Director Defendants" means Mark C. Miller, Jack W. Schuler, Lynn Dorsey Bleil, Thomas D. Brown, Thomas F. Chen, Rodney F. Dammeyer, William K. Hall, John Patience, and Mike S. Zafirovski.

(p)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(q)     "Escrow Account" means an account maintained at Valley National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(r)     "Escrow Agent" means Valley National Bank.

(s)     "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(t)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time

9

provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(u)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)     "Individual Defendants" means the Officer Defendants and the Director Defendants.

(w)     "Investment Vehicle" shall mean any investment company or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds, and hedge funds, in which any Underwriter Defendant has or may have a direct or indirect interest, or as to which any of its affiliates may act as an investment advisor, but in which any Underwriter Defendant alone or together with any of its affiliates is not a majority owner or does not hold a majority beneficial interest; *provided, however*, that any Claim Form submitted by an

Investment Vehicle shall be limited to purchases or acquisitions made on behalf of or for the benefit of persons or entities other than persons or entities that are excluded from the Settlement Class by definition, and the definition of Investment Vehicle shall not bring into the Settlement Class any of the Underwriter Defendants themselves.

(x) "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(y) "Lead Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(z) "Lead Plaintiffs" means the Public Employees' Retirement System of Mississippi and the Arkansas Teacher Retirement System.

(aa) "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(bb) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(cc) "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Settlement Class Members.

(dd) "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(ee) "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(ff) "Officer Defendants" means Charles A. Alutto, Dan Ginnetti, Brent Arnold, Frank ten Brink, and Richard Kogler.

(gg) "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(hh) "Plaintiffs' Counsel" means Lead Counsel; Gadow Tyler, PLLC; and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(ii) "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

(jj) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(kk)  "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ll)  "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

(mm) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(nn)  "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

(oo)  "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, acquisition, holding, sale, or disposition of publicly-traded Stericycle common stock or publicly-traded Stericycle depositary shares during the Class Period.  This release does not cover, include, or release: (i) any claims asserted in any ERISA or derivative action, including without limitation the

13

claims asserted in *Weinstein v. Alutto et al*., No. 2017-CG-03062 (Cir. Ct. Cook Cty., Ill., filed March 1, 2017), *Shah v. Alutto et al*., No. 2016-CH-11636 (Cir. Ct. Cook Cty., Ill., filed September 1, 2016), *Janklow v. Alutto et al*., No. 18 cv 00457 (D. Del., filed March 26, 2018), *Siu v. Alutto et al*., No. 1:16-cv-07145 (Del. Chancery Ct., filed April 12, 2018), *Brennan v. Alutto et al*., No. 1:18-cv-00567-RGA (D. Del., filed April 16, 2018), or *Turney v. Miller et al.*, Case No. 1:18-cv-05186 (N.D. Ill., filed July 30, 2018); (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity who submits a request for exclusion that is accepted by the Court ("Excluded Plaintiffs' Claims").

(pp) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(qq) "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(rr) "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(ss) "Settlement Amount" means $45,000,000 in cash.

(tt) "Settlement Class" means all persons or entities who purchased or otherwise acquired publicly-traded Stericycle common stock or publicly-traded Stericycle depositary shares in the open market during the period from February 7, 2013 through February 21, 2018, inclusive (the "Class Period"), including Stericycle depositary shares purchased in or traceable to the public offering of Stericycle depositary shares conducted on or around September 15, 2015, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who was an Officer or director of Stericycle during the Class Period and any members of their Immediate Family; (iv) any parent, subsidiary, or affiliate of Stericycle; (v) any firm, trust, corporation, or other entity in which any

14

Defendant or any other excluded person or entity has, or had during the Class Period, a controlling interest, *provided*, *however*, that any Investment Vehicle shall not be excluded from the Settlement Class; and (vi) the legal representatives, agents, heirs, successors-in-interest, or assigns of any such excluded persons or entities. Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.

(uu) "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(vv) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(ww) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(xx) "Stericycle" or the "Company" means Stericycle, Inc.

(yy) "Stericycle Defendants" means Stericycle, the Officer Defendants, and the Director Defendants.

(zz) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(aaa) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(bbb) "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

(ccc) "Underwriter Defendants" means Merrill Lynch, Pierce, Fenner & Smith Incorporated, Goldman Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), J.P. Morgan Securities LLC, HSBC Securities (USA) Inc., MUFG Securities Americas Inc. (f/k/a Mitsubishi UFJ Securities (USA), Inc.), Santander Investment Securities Inc., SMBC Nikko Securities America, Inc., and U.S. Bancorp Investments, Inc.

## CLASS CERTIFICATION

2. Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3. No later than ten (10) business days after the date of execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4. The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed

to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including, without limitation, Unknown Claims) against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against any of the Defendants' Releasees.  This Release shall not apply to the Excluded Plaintiffs' Claims.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (including, without limitation, Unknown Claims) against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims (including, without limitation, Unknown Claims) against any of the Plaintiffs' Releasees.  This Release shall not apply to the Excluded Defendants' Claims.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.      In consideration of the settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Stericycle shall pay or cause to be paid the

Settlement Amount into the Escrow Account no later than ten (10) business days after the date of entry by the Court of an order preliminarily approving this Settlement.

## **USE OF SETTLEMENT FUND**

9.     The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for

reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

16. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than five (5) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no

responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18.     As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Stericycle's obligation to provide the Company's security lists as provided in ¶ 19 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, Stericycle shall provide

or cause to be provided to Lead Counsel or the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names, mailing addresses, and email addresses) of the purchasers of Stericycle common stock and Stericycle depositary shares during the Class Period.

20.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Stericycle shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA").  Stericycle is solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Stericycle shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

21.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

22.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other

24

Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.     Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

24.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment.  Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

        (a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other

documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice.  Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all

Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

26.      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27.      Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

29.     No person or entity shall have any claim against Lead Plaintiffs, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.     All proceedings with respect to the administration, processing. and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and parties to this Settlement expressly

28

waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

32.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)     Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

33.     Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants or any of their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on December 6, 2018.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 14, 16, 38 and 58 of this Stipulation, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with

¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 16 above.

35.     It is further stipulated and agreed that Stericycle and Lead Plaintiffs shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Seventh Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Seventh Circuit or the United States Supreme Court, and the provisions of ¶ 34 above shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

36.     In addition to the grounds set forth in ¶ 35 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel.

37.     Simultaneously herewith, Lead Plaintiffs and Stericycle, through their respective counsel, are executing a confidential Supplemental Agreement Regarding Settlement ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which the Settlement may be terminated by Stericycle if Settlement Class Members who, during the Class Period, collectively purchased an aggregate number of shares of publicly-traded Stericycle common stock and publicly-traded Stericycle depositary shares eligible to recover from the Settlement that exceeds a specified number of shares of Stericycle common stock and Stericycle depositary shares, combined, purchased during the Class Period (the "Opt-Out Threshold") timely and validly request exclusion from the Settlement Class.  Unless otherwise directed by the Court or a dispute arises between Lead Plaintiffs and Stericycle concerning its interpretation or application, the Supplemental Agreement will not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement).  The Opt-Out Threshold may be disclosed to the Court as may be required by the Court, or as otherwise required to resolve a dispute between Lead Plaintiffs and Stericycle concerning its interpretation or application, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential.  In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, except as provided in ¶ 34 above.

## NO ADMISSION OF WRONGDOING

38.     Neither the Term Sheet, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet

and this Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

33

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

39.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.    Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

41.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants

shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 34.

42.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by Gregory P. Lindstrom, Esq. of Phillips ADR, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Lead

35

Plaintiffs and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation, including its exhibits, and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement. Except as provided in ¶ 37 above, all Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party concerning this Stipulation, its exhibits, or the Supplemental Agreement, other than those contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party may merge, consolidate, or reorganize.

51.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of Illinois without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other

documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Lead Plaintiffs or Lead Counsel:     Bernstein Litowitz Berger & Grossmann LLP
Attn:  John C. Browne, Esq.
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 554-1400
Email:  johnb@blbglaw.com

If to Defendants:     Stericycle, Inc.
Attn:  Kurt Rogers, General Counsel
28161 N. Keith Drive
Lake Forest, IL 60045
Telephone: (847) 607-2016
Email:  kurt.rogers@stericycle.com

Latham & Watkins LLP
Attn:  Michael Faris, Esq.
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone:  (312) 876-6579
Email:  michael.faris@lw.com

Winston & Strawn LLP
Attn:  Robert Y. Sperling, Esq.
35 W. Wacker Drive
Chicago, IL  60601-9703
Telephone:  (312) 558-7941
Email:  rsperling@winston.com

57.    Except as otherwise provided herein, each Party shall bear its own costs.

58.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use

their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

59.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of February 14, 2019.

> **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
>
> By: _____
>     John C. Browne
>     Adam H. Wierzbowski
>     1251 Avenue of the Americas
>     New York, NY 10020
>     Telephone: (212) 554-1400
>     Facsimile: (212) 554-1444
>
> *Lead Counsel for Lead Plaintiffs*
> *and the Settlement Class*

39

Jason M. Kirschberg
**GADOW TYLER, PLLC**
511 E Pearl St.
Jackson, MS 39201
Telephone: (601) 355-0654
Facsimile: (601) 510-9667

*Counsel for Plaintiff*


**LATHAM & WATKINS LLP**

By: _____
    Michael Faris
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-6579

*Counsel for Defendant Stericycle and
Individual Defendants*

**WINSTON & STRAWN LLP**

By: _____
    Robert Y. Sperling
    Joseph L. Motto
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-7941
Facsimile: (312) 558-5700

*Counsel for Underwriter Defendants*


#1257838

# EXHIBIT A

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re Stericycle, Inc. Securities Litigation* | Civ. A. No. 1:16-cv-07145<br>Hon. Andrea R. Wood<br><br><u>CLASS ACTION</u><br><br>**ECF CASE** |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT**

WHEREAS, a consolidated class action is pending in this Court entitled *In re Stericycle, Inc. Securities Litigation*, Civil Action No. 1:16-cv-07145 (the "Action");

WHEREAS, (a) lead plaintiffs the Public Employees' Retirement System of Mississippi and the Arkansas Teacher Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); (b) defendant Stericycle, Inc. ("Stericycle" or the "Company"); (c) defendants Charles A. Alutto, Dan Ginnetti, Brent Arnold, Frank ten Brink, and Richard Kogler (collectively, the "Officer Defendants"); (d) defendants Mark C. Miller, Jack W. Schuler, Lynn Dorsey Bleil, Thomas D. Brown, Thomas F. Chen, Rodney F. Dammeyer, William K. Hall, John Patience, and Mike S. Zafirovski (collectively, the "Director Defendants" and, together with Stericycle and the Officer Defendants, the "Stericycle Defendants"); and (e) defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Goldman Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), J.P. Morgan Securities LLC, HSBC Securities (USA) Inc., MUFG Securities Americas Inc. (f/k/a Mitsubishi UFJ Securities (USA), Inc.), Santander Investment Securities Inc., SMBC Nikko Securities America, Inc., and U.S. Bancorp

Investments, Inc. (collectively, the "Underwriter Defendants" and, together with the Stericycle Defendants, the "Defendants") (Lead Plaintiffs and Defendants, collectively, the "Parties"), have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated February 14, 2019 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement:  all persons or entities who purchased or otherwise acquired publicly-traded Stericycle common stock or publicly-traded Stericycle depositary shares in the open market during the period from February 7, 2013 through February 21, 2018, inclusive (the "Class Period"), including Stericycle depositary shares purchased in or traceable to the public offering

of Stericycle depositary shares conducted on or around September 15, 2015, and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who was an Officer or director of Stericycle during the Class Period and any members of their Immediate Family; (iv) any parent, subsidiary, or affiliate of Stericycle; (v) any firm, trust, corporation, or other entity in which any Defendant or any other excluded person or entity has, or had during the Class Period, a controlling interest, *provided*, *however*, that any Investment Vehicle shall not be excluded from the Settlement Class; and (vi) the legal representatives, agents, heirs, successors-in-interest, or assigns of any such excluded persons or entities. Also excluded from the Settlement Class are any persons and entities who exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3

3. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that that it will likely be able to certify Lead Plaintiffs the Public Employees' Retirement System of Mississippi and the Arkansas Teacher Retirement System as Class Representatives for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2019 at __:__ _.m. in Courtroom 1925 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable

4

and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain JND Legal Administration (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      within five (5) business days of the date of entry of this Order, Stericycle shall provide or cause to be provided to Lead Counsel or the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) a list (consisting of names, mailing addresses, and email addresses) of the purchasers of Stericycle common stock and Stericycle depositary shares during the Class Period;

(b)      not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Stericycle or in the records which

5

Stericycle caused to be provided, or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation

Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired publicly-traded Stericycle common stock or publicly-traded Stericycle depositary shares in the open market during the Class Period for the benefit of another person or entity shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners by and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund,

with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to:   Stericycle Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91124, Seattle, WA 98111-9224, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Stericycle, Inc. Securities Litigation*, Civil Action No. 1:16-cv-07145"; (iii) state the number of shares of publicly-traded Stericycle common stock and/or publicly-traded Stericycle depositary

9

shares that the person or entity requesting exclusion (A) owned as of the opening of trading on February 7, 2013 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an

appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who or which does not enter an appearance will be represented by Lead Counsel.

17. Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>John C. Browne, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020 | Latham & Watkins LLP<br>Michael Faris, Esq.<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611 |
| | Winston & Strawn LLP<br>Robert Y. Sperling, Esq.<br>35 W. Wacker Drive<br>Chicago, IL 60601-9703 |

18.     Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of publicly-traded Stericycle common stock and/or publicly-traded Stericycle depositary shares that the objecting Settlement Class Member (A) owned as of the opening of trading on February 7, 2013 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale.  Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or

adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22. **Settlement Fund** – The contents of the Settlement Fund held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on December 6, 2018, as provided in the Stipulation.

25. **Responsibility of Defendants' Releasees** – Defendants' Releasees shall have no responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modifications thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement.

26. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the

14

truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27.     **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-

five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

28.     **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2019.

_____
The Honorable Andrea R. Wood
United States District Judge

#1259927

# EXHIBIT A-1

**Exhibit A-1**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| *In re Stericycle, Inc. Securities Litigation* | Civ. A. No. 1:16-cv-07145<br>Hon. Andrea R. Wood<br><br>CLASS ACTION<br><br>**ECF CASE** |

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

*<u>A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.</u>*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"), if, during the period from February 7, 2013 through February 21, 2018, inclusive (the "Class Period"), you purchased or otherwise acquired publicly-traded Stericycle, Inc. ("Stericycle" or the "Company") common stock ("Stericycle Common Stock") or publicly-traded Stericycle depositary shares ("Stericycle Depositary Shares") (collectively, "Stericycle Securities") in the open market, including Stericycle Depositary Shares purchased in or traceable to the public offering of Stericycle Depositary Shares conducted on or around September 15, 2015, and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs, the Public Employees' Retirement System of Mississippi and the Arkansas Teacher Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 25 below), have reached a proposed settlement of the Action for $45,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of cash from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated February 14, 2019 (the "Settlement Stipulation" or "Stipulation"), which is available at <u>www.StericycleSecuritiesLitigation.com</u>.

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact Stericycle, any of the other Defendants in the Action, or their counsel. All questions should be directed to Lead Counsel or the Court-appointed Claims Administrator, JND Legal Administration (*see* ¶ 91 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that Stericycle, the Officer Defendants,[2] the Director Defendants,[3] and the Underwriter Defendants[4] (collectively, "Defendants") violated the federal securities laws by making materially false and misleading statements regarding Stericycle's business. A more detailed description of the Action is set forth in ¶¶ 11-24 below. The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 25 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for a settlement payment of $45,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶ 52-75 below.

3. **Estimate of Average Amount of Recovery Per Share or Note:** Lead Plaintiffs' damages expert estimates that the conduct at issue in the Action affected approximately 149,069,845 shares of Stericycle Common Stock and approximately 18,779,658 Stericycle Depositary Shares purchased during the Class Period. Assuming all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible share of Stericycle Common Stock is approximately $0.27 per share and the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible Stericycle Depositary Share is approximately $0.22 per share. Settlement Class Members should note, however, that the foregoing average recoveries per share are only estimates. Some Settlement Class Members may recover more or less than these estimated amounts depending on, among other factors, when and at what prices they purchased/acquired or sold their Stericycle Securities, and the total number and value of valid Claim Forms submitted. Distributions to

---

[2] The "Officer Defendants" are Charles A. Alutto, Dan Ginnetti, Brent Arnold, Frank ten Brink, and Richard Kogler.

[3] The "Director Defendants" are Mark C. Miller, Jack W. Schuler, Lynn Dorsey Bleil, Thomas D. Brown, Thomas F. Chen, Rodney F. Dammeyer, William K. Hall, John Patience, and Mike S. Zafirovski.

[4] The "Underwriter Defendants" are Merrill Lynch, Pierce, Fenner & Smith Incorporated, Goldman Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), J.P. Morgan Securities LLC, HSBC Securities (USA) Inc., MUFG Securities Americas Inc. (f/k/a Mitsubishi UFJ Securities (USA), Inc.), Santander Investment Securities Inc., SMBC Nikko Securities America, Inc., and U.S. Bancorp Investments, Inc.

Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶ 52-75 below) or such other plan of allocation as may be ordered by the Court.

4.    **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action.  Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.    **Attorneys' Fees and Expenses Sought:**  Plaintiffs' Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2016, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action.  Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund.  In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  If the Court approves Lead Counsel's fee and expense application, the estimated average cost per eligible share of Stericycle Common Stock is approximately $0.07 per share and the estimated average cost per eligible Stericycle Depositary Share is approximately $0.06 per share.  Please note that these amounts are only estimates.

6.    **Identification of Attorneys' Representatives:**  Lead Plaintiffs and the Settlement Class are represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com.

Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Claims Administrator at:  Stericycle Securities Litigation, c/o JND Legal Administration, P.O. Box 91124, Seattle, WA 98111-9224, 1-833-291-1647, info@StericycleSecuritiesLitigation.com, www.StericycleSecuritiesLitigation.com.

7.    **Reasons for the Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiffs in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or

omissions alleged, or that could have been alleged, in the Action. Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiffs or the Settlement Class have suffered any damage, that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action, or that the Action is properly certifiable as a class action for litigation purposes.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2019.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 35 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 36 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2019 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019.** | Filing a written objection and notice of intention to appear by _____, 2019 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |

| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

## WHAT THIS NOTICE CONTAINS

Why Did I Get This Notice? .................................................... Page __
What Is This Case About? ...................................................... Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class? .......................... Page __
What Are Lead Plaintiffs' Reasons For The Settlement? ................. Page __
What Might Happen If There Were No Settlement? ...................... Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement? ..................................................... Page __
How Do I Participate In The Settlement? What Do I Need To Do? .... Page __
How Much Will My Payment Be? ............................................ Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
  How Will The Lawyers Be Paid? .......................................... Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
  How Do I Exclude Myself? .................................................. Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
  Do I Have To Come To The Hearing? May I Speak At The Hearing If I
  Don't Like The Settlement? ................................................. Page __
What If I Bought Shares On Someone Else's Behalf? ................... Page __
Can I See The Court File? Whom Should I Contact If I Have Questions? Page __

## WHY DID I GET THIS NOTICE?

8. The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Stericycle Common Stock or Stericycle Depositary Shares during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you

5

wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court (the "Settlement Hearing") to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in ¶¶ 34-40 below should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved. *See* ¶¶ 81-82 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. This Action involves allegations that Stericycle, an international waste management and disposal company, made misrepresentations and omissions about the Company's practices concerning its small quantity ("SQ") customers and the reasons for the Company's growth during the Class Period.

12. On July 11, 2016, a class action complaint was filed in the Court, styled *St. Lucie County Fire District Firefighters' Pension Trust Fund, et al., v. Stericycle, Inc., et al.*, Case No. 1:16-cv-07145. An amended class action complaint was filed in the Court on August 4, 2016, and a corrected amended class action complaint was filed in the Court on October 21, 2016.

13. On February 1, 2017, Lead Plaintiffs then filed a Class Action Complaint for Violations of the Federal Securities Laws (the "CAC") asserting: (i) claims under § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, against Defendant Stericycle and the Officer Defendants; (ii) claims under § 20(a) of the Exchange Act against the Officer Defendants; (iii) claims under § 11 of the Securities Act of 1933 (the "Securities Act") against Defendant Stericycle, the Director Defendants, the Underwriter Defendants, and Defendants Charles A. Alutto and Dan Ginnetti; (iv) claims under § 12(a)(2) of the Securities Act against the Underwriter Defendants; and (v) claims under § 15 of the Securities Act against the Director Defendants and Defendants Charles A. Alutto, Dan Ginnetti, and Brent Arnold. The claims under §§ 11 and 12(a)(2) of the Securities Act related to Stericycle's September 2015 offering of Depositary Shares. Among other things, the CAC alleged that throughout the alleged class period (February 7, 2013 through September 18, 2016, inclusive), Stericycle made a series of materially false and misleading statements and omissions regarding its alleged practice of automatically and improperly raising the rates charged to Stericycle's SQ customers without any advance notice to such customers. The CAC also alleged that Stericycle made materially false and misleading statements about the reasons for the Company's growth, while knowingly or recklessly disregarding that such growth was

attributable to the allegedly improper automatic rate increases. The CAC alleged that certain of the alleged materially false statements were also set forth in the offering materials for Stericycle's September 2015 offering of Depositary Shares. The CAC further alleged that the prices of Stericycle Common Stock and Stericycle Depositary Shares were artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

14. On April 3, 2017, Defendants filed a motion to dismiss the CAC and a supporting memorandum of law. On May 19, 2017, Lead Plaintiffs filed their opposition to Defendants' motion to dismiss and, on June 19, 2017, Defendants filed their reply memorandum of law in further support of their motion to dismiss.

15. On August 7, 2017, Lead Plaintiffs filed a Motion for Judicial Notice of Recent Development ("Motion for Judicial Notice") in further support of their opposition to Defendants' motion to dismiss the CAC, arguing that the Court should take judicial notice of the Company's Form 8-K filed on August 2, 2017. The Form 8-K announced Stericycle's preliminary settlement of a class action litigation that Stericycle's customers had filed against the Company (the "Customer Case") and made certain disclosures that Lead Plaintiffs claimed corroborated their allegations in the Action. On August 11, 2017, the Stericycle Defendants filed their response to the Motion for Judicial Notice, which was joined by the Underwriter Defendants on August 15, 2017, and, on August 17, 2017, Lead Plaintiffs served their reply memorandum of law in further support of the Motion for Judicial Notice.

16. On March 6, 2018, Lead Plaintiffs filed a Notice of Recent Development and Intent to Amend the Complaint ("Notice of Recent Development"), in order to further inform the Court that: (i) on February 21, 2018, Stericycle made several announcements about the Company's financial condition that were directly relevant to Lead Plaintiffs' allegations in this litigation (including a $25 million expense to combat customer "churn" due to customer price increases), which caused the price of Stericycle stock to fall by 19%; and (ii) Lead Plaintiffs' intention to amend the CAC in order to incorporate this information into the complaint.

17. On March 20, 2018, Lead Plaintiffs filed an Unopposed Motion to Amend the Class Action Complaint ("Motion to Amend the Complaint"), which attached a copy of their proposed Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Amended CAC" or "Complaint"). By Order dated March 30, 2018, the Court: (i) granted Lead Plaintiffs' Motion to Amend the Complaint; and (ii) denied as moot Defendants' motion to dismiss the CAC and Lead Plaintiffs' Motion for Judicial Notice.

18. On March 30, 2018, the Clerk entered the Amended CAC on the Court docket. The Amended CAC identifies the same allegedly false and misleading statements as in the CAC, but incorporates Lead Plaintiffs' additional allegations that Defendants misrepresented the Company's integration of its acquisitions into its operations and allegations arising out of the Company's February 21, 2018 disclosures, and asserts an expanded class period of February 7, 2013 through February 21, 2018, inclusive.

19. On May 25, 2018, Defendants filed a renewed motion to dismiss the Amended CAC and a supporting memorandum of law. On June 22, 2018, Lead Plaintiffs filed their opposition to Defendants' motion to dismiss and, on July 13, 2018, Defendants filed their reply in further support of their motion to dismiss.

20.    In an attempt to resolve the Action, on April 16, 2018, Lead Counsel and counsel for Stericycle participated in a full-day mediation session before Gregory P. Lindstrom, Esq. of Phillips ADR as mediator (the "Mediator") in Chicago, Illinois.  In advance of that session, the Lead Plaintiffs and Stericycle exchanged detailed mediation statements, which addressed the issues of liability and damages.

21.    Following the mediation, the Parties engaged in additional negotiations under the supervision and guidance of the Mediator.  The Parties then reached an agreement in principle to settle the Action that was pursuant to a Mediator's recommendation and memorialized in a term sheet executed on December 6, 2018 (the "Term Sheet").  The Term Sheet sets forth, among other things, the Parties' agreement to settle and release all claims against Defendants in return for a cash payment by Stericycle of $45,000,000 for the benefit of the Settlement Class, subject to certain terms and conditions and the execution of a formal stipulation and agreement of settlement and related papers.  The agreement to settle was further conditioned on Lead Plaintiffs confirming the fairness, reasonableness, and adequacy of the proposed Settlement based on due diligence discovery to be provided by the Company.

22.    Pursuant to the Term Sheet, Lead Counsel conducted due diligence discovery regarding the strengths and weaknesses of Lead Plaintiffs' claims to assure the reasonableness of the proposed Settlement.  In connection with due diligence discovery, the Company produced 25 confidential deposition transcripts of Stericycle executives (and exhibits) from the related Customer Case, and additional internal Stericycle documents, which Lead Counsel reviewed. The due diligence discovery has confirmed Lead Plaintiffs' and Lead Counsel's belief that the Settlement is fair, reasonable, and adequate.

23.    On February 14, 2019, the Parties entered into the Settlement Stipulation, which sets forth the terms and conditions of the Settlement.  The Settlement Stipulation is available at www.StericycleSecuritiesLitigation.com.

24.    On _____, 2019, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

25.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> all persons or entities who purchased or otherwise acquired publicly-traded Stericycle common stock ("Stericycle Common Stock") or publicly-traded Stericycle depositary shares ("Stericycle Depositary Shares") (collectively, "Stericycle Securities") in the open market during the period from February 7, 2013 through February 21, 2018, inclusive (the "Class Period"), including Stericycle Depositary Shares purchased in or traceable to the public offering of Stericycle Depositary Shares conducted on or around September 15, 2015, and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who was an Officer or director of Stericycle during

the Class Period and any members of their Immediate Family; (iv) any parent, subsidiary, or affiliate of Stericycle; (v) any firm, trust, corporation, or other entity in which any Defendant or any other excluded person or entity has, or had during the Class Period, a controlling interest, *provided*, *however*, that any Investment Vehicle (as defined in the Stipulation) shall not be excluded from the Settlement Class; and (vi) the legal representatives, agents, heirs, successors-in-interest, or assigns of any such excluded persons or entities. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____, 2019.**

| WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT? |
|:---:|

26. Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, Defendants have raised a number of arguments and defenses including that Lead Plaintiffs' claims are barred by the statute of limitations because a government settlement and the filing of the Customer Case purportedly revealed to the market the existence of the price increase scheme more than two years before the present securities Action was filed. Defendants also argued that they did not make materially false and misleading statements in violation of the federal securities laws because their SQ customer contracts purportedly allowed for price increases in certain situations, and that Lead Plaintiffs would not be able to establish that Defendants acted with the requisite intent with respect to the claims brought under the Exchange Act. Defendants have also argued that Lead Plaintiffs have not shown loss causation, including arguing that the specific alleged corrective disclosures did not reveal new material information to investors about the alleged price increase fraud, but instead simply disclosed disappointing financial results tied to unrelated market events and developments. Even assuming Lead Plaintiffs could establish liability and loss causation, the amount of damages that could be attributed to the allegedly false statements would be hotly contested.

27. At the time that the Parties agreed in principle to settle the Action, the Court had not yet decided Defendants' motion to dismiss the Complaint, and while Lead Plaintiffs believe that they had compelling arguments in response to it, Lead Plaintiffs acknowledge that a serious risk exists that Defendants' arguments would persuade the Court to reduce dramatically, or even eliminate altogether, the damages that they could recover from Defendants. What is more, even if Lead Plaintiffs successfully defeated Defendants' motion to dismiss, which was far from certain, Defendants would in all likelihood make the same arguments to a jury should this case proceed

to trial. Thus, there were very significant risks attendant to the continued prosecution of the Action.

28. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $45,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after summary judgment, trial, and appeals, possibly years in the future.

29. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

30. If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

31. As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

32. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," below.

33. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

34. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with

prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 35 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 36 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

35. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase, acquisition, holding, sale, or disposition of publicly-traded Stericycle common stock or publicly-traded Stericycle depositary shares during the Class Period. This release does not cover, include, or release: (i) any claims asserted in any ERISA or derivative action, including without limitation the claims asserted in *Weinstein v. Alutto et al*., No. 2017-CG-03062 (Cir. Ct. Cook Cty., Ill., filed March 1, 2017), *Shah v. Alutto et al*., No. 2016-CH-11636 (Cir. Ct. Cook Cty., Ill., filed September 1, 2016), *Janklow v. Alutto et al*., No. 18 cv 00457 (D. Del., filed March 26, 2018), *Siu v. Alutto et al*., No. 1:16-cv-07145 (Del. Chancery Ct., filed April 12, 2018), *Brennan v. Alutto et al*., No. 1:18-cv-00567-RGA (D. Del., filed April 16, 2018), or *Turney v. Miller et al.*, Case No. 1:18-cv-05186 (N.D. Ill., filed July 30, 2018); (ii) any claims relating to the enforcement of the Settlement; or (iii) any claims of any person or entity who submits a request for exclusion that is accepted by the Court ("Excluded Plaintiffs' Claims").

36. "Defendants' Releasees" means Defendants and their current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

37. "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the

11

release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

38.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 39 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 40 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

39.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any person or entity who submits a request for exclusion from the Settlement Class that is accepted by the Court ("Excluded Defendants' Claims").

40.    "Plaintiffs' Releasees" means Lead Plaintiffs, all other plaintiffs in the Action, and all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

41.    To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked no later than _____, 2019**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.StericycleSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-291-1647.  Please retain all records of your ownership of and transactions in Stericycle Securities, as they may be needed to document your Claim.  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

42.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

43.    Pursuant to the Settlement, Stericycle has agreed to pay or caused to be paid forty-five million dollars ($45,000,000) in cash.  The Settlement Amount will be deposited into an escrow

account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

44. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

45. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

46. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

47. Unless the Court otherwise orders, any Settlement Class Member who or which fails to submit a Claim Form postmarked on or before _____, 2019 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 35 above) against the Defendants' Releasees (as defined in ¶ 36 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

48. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Stericycle Securities held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares or notes that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of Stericycle Securities during the Class Period may be made by the plan's trustees.

49. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

50. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

51. Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Stericycle Securities during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only securities that are included in the Settlement are the Stericycle Securities.

## PROPOSED PLAN OF ALLOCATION

52.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.   The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.   Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

53.   In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amounts of artificial inflation in the per share closing prices of Stericycle Common Stock and Stericycle Depositary Shares which allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions.

54.   In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Stericycle Common Stock and Stericycle Depositary Shares in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions.  The estimated artificial inflation in Stericycle Common Stock and Stericycle Depositary Shares is stated in Table A at the end of this Notice.

55.   In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security.   In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period between February 7, 2013 and February 21, 2018, inclusive, which had the effect of artificially inflating the price of Stericycle Common Stock and Stericycle Depositary Shares. Lead Plaintiffs further allege that corrective information was released to the market on:  October 22, 2015, February 4, 2016, April 28, 2016, July 28, 2016, September 2, 2016, September 18-19, 2016, August 3, 2017, and February 21, 2018, which partially removed the artificial inflation from the prices of Stericycle Common Stock and Stericycle Depositary Shares on:  October 23, 2015, February 5, 2016, April 29, 2016, July 29, 2016, September 2, 2016, September 19, 2016, August 4, 2017, and February 22, 2018.

56.   Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the respective prices of the Stericycle Securities at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase price and sale price.  Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired Stericycle Common Stock or Stericycle Depositary Shares prior to the first corrective disclosure, which occurred after the close of the financial markets on October 22, 2015, must have held his, her, or its shares of the respective Stericycle Security through at least October 23, 2015.   A Settlement Class Member who purchased or otherwise acquired Stericycle Common Stock or Stericycle Depositary Shares from October 23, 2015 through and including the close of trading on February 21, 2018, must have held the respective Stericycle Security through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of the respective Stericycle Security.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

### Stericycle Common Stock

57. Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Stericycle Common Stock in the open market that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

58. For each share of Stericycle Common Stock purchased or otherwise acquired in the open market during the during the period from February 7, 2013 through and including the close of trading on February 21, 2018, and:

    (i)        Sold before October 23, 2015, the Recognized Loss Amount will be $0.00;

    (ii)      Sold from October 23, 2015 through and including the close of trading on February 21, 2018, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A minus the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions);

    (iii)     Sold from February 22, 2018 through and including the close of trading on May 22, 2018, the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the average closing price between February 22, 2018 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions); or

    (iv)     Held as of the close of trading on May 22, 2018, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus $61.38.[5]

### Stericycle Depositary Shares

59. Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Stericycle Depositary Shares in the open market that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss

---

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Stericycle Common Stock during the "90-day look-back period," February 22, 2018 through and including May 22, 2018. The mean (average) closing price for Stericycle Common Stock during this 90-day look-back period was $61.38.

Amount calculates to a negative number or zero under the formula below, that number will be zero.

60.    For each Stericycle Depositary Share purchased or otherwise acquired in the open market during the period from the initial offering of the security on or about September 15, 2015 through and including the close of trading on February 21, 2018, and:

(i)    Sold before October 23, 2015, the Recognized Loss Amount will be $0.00;

(ii)    Sold from October 23, 2015 through and including the close of trading on February 21, 2018, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A minus the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions);

(iii)    Sold from February 22, 2018 through and including the close of trading on May 22, 2018, the Recognized Loss Amount will be the least of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the average closing price between February 22, 2018 and the date of sale as stated in Table B below; or (iii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions); or

(iv)    Held as of the close of trading on May 22, 2018, the Recognized Loss Amount will be the lesser of: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) minus $47.45.[6]

61.    In consideration of the differences in the proof in establishing a Section 11 claim as compared to establishing a Section 10(b) claim, with respect to Stericycle Depositary Shares, the Claimant's Recognized Loss Amounts will be multiplied by 1.10.

## ADDITIONAL PROVISIONS

62.    **Calculation of Claimant's "Recognized Claim":**    A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to all Stericycle Securities.

63.    **FIFO Matching:**    If a Settlement Class Member made more than one purchase/acquisition or sale of any Stericycle Security during the Class Period, all purchases/acquisitions and sales of the like security will be matched on a First In, First Out ("FIFO") basis.    Class Period sales will be matched first against any holdings of the like Stericycle Security at the beginning of the Class Period, and then against purchases/acquisitions

---

[6]    As explained in footnote 5 above, pursuant to the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of the relevant security during the 90-day look-back period, February 22, 2018 through and including May 22, 2018.    The mean (average) closing price for Stericycle Depositary Shares during this 90-day look-back period was $47.45.

of the like Stericycle Security in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

64.    **"Purchase/Acquisition/Sale" Dates:**  Purchases or acquisitions and sales of Stericycle Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Stericycle Securities during the Class Period shall not be deemed a purchase, acquisition, or sale of those Stericycle Securities for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of such Stericycle Securities unless (i) the donor or decedent purchased or otherwise acquired or sold such Stericycle Securities during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Stericycle Securities.

65.    **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Stericycle Security.  The date of a "short sale" is deemed to be the date of sale of the Stericycle Security.  In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

66.    In the event that a Claimant has an opening short position in Stericycle Common Stock, the earliest purchases or acquisitions of Stericycle Common Stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

67.    **Stericycle Securities Purchased/Sold Through the Exercise of Options:**  Option contracts are not securities eligible to participate in the Settlement.  With respect to Stericycle Securities purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

68.    **Market Gains and Losses:**  The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Stericycle Securities during the Class Period.  For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[7] and (ii) the sum of the Claimant's Total Sales Proceeds[8] and the Claimant's Holding

---

[7]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes, and commissions) for all shares of Stericycle Common Stock and Stericycle Depositary Shares purchased/acquired during the Class Period.

[8]  For Stericycle Common Stock, the Claims Administrator shall match any sales of the stock during the Class Period first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding all fees, taxes, and commissions) for sales of the remaining shares of Stericycle Common Stock sold during the Class Period is the "Total Common Stock Sales Proceeds."  For Stericycle Depositary Shares, there is no opening position since it was issued during the Class Period.  The total amount received (excluding all fees, taxes, and commissions) for sales of Stericycle Depositary Shares sold during the Class Period is the "Total Depositary Shares Sales Proceeds."  The sum of the Total Common Stock Sales Proceeds and the Total Depositary Shares Sales Proceeds shall be the "Total Sales Proceeds."

17

Value.[9] If the Claimant's Total Purchase Amount _minus_ the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.[10]

69. If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Stericycle Securities during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Stericycle Securities during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

70. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its _pro rata_ share of the Net Settlement Fund. The _pro rata_ share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

71. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed _pro rata_ to all Authorized Claimants entitled to receive payment.

72. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

73. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement,

---

[9] The Claims Administrator shall ascribe a "Holding Value" of $60.63 to each share of Stericycle Common Stock purchased/acquired during the Class Period that was still held as of the close of trading on February 21, 2018. The Claims Administrator shall ascribe a "Holding Value" of $48.14 to each Stericycle Depositary Share purchased/acquired during the Class Period that was still held as of the close of trading on February 21, 2018.

[10] Consistent with ¶ 61 above, a Claimant's Market Loss under the Plan of Allocation will be adjusted upward by 10% in the same proportion that the Claimant's Recognized Loss Amounts arise from purchases/acquisitions of Stericycle Depositary Shares.

18

including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

74.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

75.    The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.StericycleSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

76.    Plaintiffs' Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for reimbursement of Litigation Expenses incurred by Plaintiffs' Counsel in an amount not to exceed $350,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

77.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Settlement Class, addressed to: Stericycle Securities Litigation, EXCLUSIONS, c/o JND Legal Administration, P.O. Box 91124, Seattle, WA 98111-9224. The exclusion request must be *received* **on or before** _____**, 2019**. You will

19

not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Stericycle, Inc. Securities Litigation*, Civil Action No. 1:16-cv-07145"; (iii) state the number of shares of Stericycle Common Stock and/or Stericycle Depositary Shares that the person or entity requesting exclusion (a) owned as of the opening of trading on February 7, 2013 and (b) purchased/acquired and/or sold during the Class Period (*i.e.*, from February 7, 2013 through February 21, 2018, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

78. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

79. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

80. Stericycle has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiffs and Stericycle.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

81. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.** Please Note: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. You should monitor the Court's docket and the Settlement website, www.StericycleSecuritiesLitigation.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Counsel.

82. The Settlement Hearing will be held on _____, 2019 at __:__ _.m., before the Honorable Andrea R. Wood at the United States District Court for the Northern District of Illinois, Eastern Division, Courtroom 1925 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. The Court reserves the right to certify the Settlement Class, approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or

20

consider any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

83. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Illinois, Eastern Division at the address set forth below **on or before _____, 2019**. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____, 2019**.

**Clerk's Office**

United States District Court
Northern District of Illinois, Eastern Division
Everett McKinley Dirksen United States Courthouse
Clerk's Office
219 South Dearborn Street
Chicago, IL 60604

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| **Bernstein Litowitz Berger & Grossmann LLP** | **Latham & Watkins LLP** |
| John C. Browne, Esq. | Michael Faris, Esq. |
| 1251 Avenue of the Americas, 44th Floor | 330 North Wabash Avenue, Suite 2800 |
| New York, NY 10020 | Chicago, IL 60611 |
| | **Winston & Strawn LLP** |
| | Robert Y. Sperling, Esq. |
| | 35 W. Wacker Drive |
| | Chicago, IL 60601-9703 |

84. Any objection (i) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iii) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Stericycle Common Stock and/or Stericycle Depositary Shares that the objecting Settlement Class Member (a) owned as of the opening of trading on February 7, 2013 and (b) purchased/acquired and/or sold during the Class Period (*i.e.*, from February 7, 2013 through February 21, 2018, inclusive), as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.

21

85.    You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

86.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 83 above so that it is *received* **on or before _____, 2019**.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

87.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 83 above so that the notice is *received* **on or before _____, 2019**.

88.    The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

89.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

90.    If you purchased or otherwise acquired Stericycle Common Stock or Stericycle Depositary Shares during the period from February 7, 2013 through February 21, 2018, inclusive, for the beneficial interest of persons or organizations other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners by and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses of all such beneficial owners to:  Stericycle Securities Litigation, c/o JND Legal Administration, P.O. Box 91124, Seattle, WA 98111-9224.  If you choose the second option, the Claims Administrator will send a copy of the Notice and the Claim Form to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this

Notice and the Claim Form may also be obtained from the Settlement website, www.StericycleSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-833-291-1647, or by emailing the Claims Administrator at info@StericycleSecuritiesLitigation.com.

| CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

91. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Settlement Stipulation, which may be inspected during regular office hours at the Clerk's Office, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. Additionally, copies of the Settlement Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.StericycleSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

| Stericycle Securities Litigation | and/or | John C. Browne, Esq. |
| --- | --- | --- |
| c/o JND Legal Administration | | Bernstein Litowitz Berger |
| P.O. Box 91124 | | & Grossmann LLP |
| Seattle, WA 98111-9224 | | 1251 Avenue of the Americas, 44th Floor |
| 1-833-291-1647 | | New York, NY 10020 |
| info@StericycleSecuritiesLitigation.com | | 1-800-380-8496 |
| www.StericycleSecuritiesLitigation.com | | settlements@blbglaw.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2019

By Order of the Court
United States District Court
Northern District of Illinois, Eastern Division

**TABLE A**

**Estimated Artificial Inflation with Respect to Purchases/Acquisitions and Sales of Stericycle Common Stock and Stericycle Depositary Shares from February 7, 2013 Through and Including February 21, 2018\***

| Date Range | Artificial Inflation Per Common Stock Share | Artificial Inflation Per Depositary Share |
|---|---|---|
| February 7, 2013 – October 22, 2015 | $96.74 | $54.49 |
| October 23, 2015 – February 4, 2016 | $67.88 | $40.71 |
| February 5, 2016 – April 28, 2016 | $64.57 | $38.43 |
| April 29, 2016 – July 28, 2016 | $38.91 | $24.33 |
| July 29, 2016 – September 1, 2016 | $23.08 | $14.20 |
| September 2, 2016 – September 18, 2016 | $21.48 | $13.82 |
| September 19, 2016 – August 3, 2017 | $18.23 | $11.91 |
| August 4, 2017 – February 21, 2018 | $14.12 | $10.39 |

\* For purposes of calculating Recognized Loss Amounts under the Plan of Allocation, the amount of artificial inflation per share will in no event exceed the purchase/acquisition or sale price.

## TABLE B

**90-Day Look-Back Table for Stericycle Common Stock and Stericycle Depositary Shares**
(Average Closing Prices:  February 22, 2018 – May 22, 2018)

| Date | Average Closing Price of Stericycle Common Stock Between February 22, 2018 and Date Shown | Average Closing Price of Stericycle Depositary Shares Between February 22, 2018 and Date Shown | Date | Average Closing Price of Stericycle Common Stock Between February 22, 2018 and Date Shown | Average Closing Price of Stericycle Depositary Shares Between February 22, 2018 and Date Shown |
|---|---|---|---|---|---|
| 2/22/2018 | $60.63 | $48.14 | 4/10/2018 | $61.09 | $47.29 |
| 2/23/2018 | $60.34 | $48.04 | 4/11/2018 | $61.00 | $47.22 |
| 2/26/2018 | $60.86 | $48.40 | 4/12/2018 | $60.94 | $47.17 |
| 2/27/2018 | $61.28 | $48.71 | 4/13/2018 | $60.88 | $47.14 |
| 2/28/2018 | $61.56 | $48.68 | 4/16/2018 | $60.86 | $47.12 |
| 3/1/2018 | $61.64 | $48.57 | 4/17/2018 | $60.85 | $47.11 |
| 3/2/2018 | $61.59 | $48.41 | 4/18/2018 | $60.87 | $47.12 |
| 3/5/2018 | $61.77 | $48.46 | 4/19/2018 | $60.87 | $47.12 |
| 3/6/2018 | $61.92 | $48.48 | 4/20/2018 | $60.86 | $47.10 |
| 3/7/2018 | $62.10 | $48.54 | 4/23/2018 | $60.86 | $47.10 |
| 3/8/2018 | $62.26 | $48.58 | 4/24/2018 | $60.87 | $47.11 |
| 3/9/2018 | $62.46 | $48.67 | 4/25/2018 | $60.86 | $47.10 |
| 3/12/2018 | $62.65 | $48.75 | 4/26/2018 | $60.87 | $47.11 |
| 3/13/2018 | $62.79 | $48.82 | 4/27/2018 | $60.88 | $47.11 |
| 3/14/2018 | $62.89 | $48.86 | 4/30/2018 | $60.83 | $47.07 |
| 3/15/2018 | $62.92 | $48.85 | 5/1/2018 | $60.79 | $47.04 |
| 3/16/2018 | $62.96 | $48.84 | 5/2/2018 | $60.76 | $47.01 |
| 3/19/2018 | $62.96 | $48.81 | 5/3/2018 | $60.73 | $46.99 |
| 3/20/2018 | $62.92 | $48.76 | 5/4/2018 | $60.79 | $47.03 |
| 3/21/2018 | $62.86 | $48.70 | 5/7/2018 | $60.85 | $47.07 |
| 3/22/2018 | $62.70 | $48.56 | 5/8/2018 | $60.90 | $47.11 |
| 3/23/2018 | $62.51 | $48.41 | 5/9/2018 | $60.96 | $47.15 |
| 3/26/2018 | $62.35 | $48.28 | 5/10/2018 | $61.02 | $47.19 |
| 3/27/2018 | $62.21 | $48.16 | 5/11/2018 | $61.07 | $47.23 |
| 3/28/2018 | $62.07 | $48.06 | 5/14/2018 | $61.13 | $47.27 |
| 3/29/2018 | $61.93 | $47.95 | 5/15/2018 | $61.17 | $47.30 |
| 4/2/2018 | $61.78 | $47.83 | 5/16/2018 | $61.22 | $47.33 |
| 4/3/2018 | $61.65 | $47.73 | 5/17/2018 | $61.26 | $47.36 |
| 4/4/2018 | $61.53 | $47.63 | 5/18/2018 | $61.30 | $47.39 |
| 4/5/2018 | $61.43 | $47.56 | 5/21/2018 | $61.34 | $47.42 |
| 4/6/2018 | $61.32 | $47.47 | 5/22/2018 | $61.38 | $47.45 |
| 4/9/2018 | $61.19 | $47.37 | | | |

# 1262341

# EXHIBIT A-2

**Exhibit A-2**

# PROOF OF CLAIM AND RELEASE

TO BE POTENTIALLY ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM AND IT MUST BE **POSTMARKED NO LATER THAN _____, 2019.**

**Stericycle Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91124**
**Seattle, WA 98111-9224**

Toll-Free Number:  1-833-291-1647
Email:  info@StericycleSecuritiesLitigation.com
Website:  www.StericycleSecuritiesLitigation.com

**CONTENTS**                                                               **PAGE #**

**PART I – GENERAL INSTRUCTIONS**                                            ___

**PART II – CLAIMANT IDENTIFICATION**                                        ___

**PART III – SCHEDULE OF TRANSACTIONS IN STERICYCLE**                        ___
    **COMMON STOCK**

**PART IV – SCHEDULE OF TRANSACTIONS IN STERICYCLE**                         ___
    **DEPOSITARY SHARES**

**PART V – RELEASE OF CLAIMS AND SIGNATURE**                                 ___

## PROOF OF CLAIM AND RELEASE FORM

TO BE POTENTIALLY ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE PROPOSED SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY FIRST-CLASS MAIL TO THE ADDRESS ON THE FIRST PAGE OF THIS CLAIM FORM, **POSTMARKED NO LATER THAN _____, 2019**.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE PROPOSED SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THIS ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

### PART I – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the proposed Plan of Allocation set forth in the Notice (the "Plan of Allocation"). The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2. This Claim Form is directed to all persons or entities who purchased or otherwise acquired publicly-traded Stericycle common stock ("Stericycle Common Stock") or publicly-traded Stericycle depositary shares ("Stericycle Depositary Shares") (collectively, "Stericycle Securities") in the open market during the period from February 7, 2013 through February 21, 2018, inclusive (the "Class Period"), including Stericycle Depositary Shares purchased in or traceable to the public offering of Stericycle Depositary Shares conducted on or around September 15, 2015, and were damaged thereby (the "Settlement Class"). Certain persons and entities are excluded from the Settlement Class by definition as set forth in Paragraph 25 of the Notice.

3. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* the definition of the Settlement Class in Paragraph 25 of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.     **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5.     Use the Schedules of Transactions in Parts III and IV of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of the applicable Stericycle Securities. On these schedules, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable Stericycle Securities, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.     <u>**Please note**</u>**:** Only Stericycle Securities purchased or otherwise acquired during the Class Period (*i.e.*, from February 7, 2013 through February 21, 2018, inclusive), are eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of Stericycle Securities during the period from February 22, 2018 through and including the close of trading on May 22, 2018 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during the 90-day look-back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

7.     You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the applicable Stericycle Securities set forth in the Schedules of Transactions in Parts III and IV of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Stericycle Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.     All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired Stericycle Securities during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Stericycle Securities during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

9.     <u>**One Claim should be submitted for each separate legal entity**</u>. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how

many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

10.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Stericycle Securities; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the Stericycle Securities you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

12.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.    If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

14.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

15.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, JND Legal Administration, at the above address, by email at info@StericycleSecuritiesLitigation.com, or by toll-free phone at 1-833-291-1647, or you can visit the Settlement website, www.StericycleSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.StericycleSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at SCYSecurities@JNDLA.com.  **Any file not in accordance with the required electronic**

**filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* Paragraph 9 above) and the ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* Paragraph 8 above). No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at SCYSecurities@JNDLA.com to inquire about your file and confirm it was received.**

<u>**IMPORTANT: PLEASE NOTE**</u>

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-833-291-1647.**

## PART II – CLAIMANT IDENTIFICATION

Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Mailing Address – Line 1: Street Address/P.O. Box

Mailing Address – Line 2 (If Applicable): Apartment/Unit/Suite/Floor Number)

City

State/Province

Zip/Postal Code

Country

Last 4 digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home/mobile)

Telephone Number (work)

Email address (an email address is not required, but if you provide it, you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

Claimant Account Type (check appropriate box):

☐ Individual (includes joint owner accounts)  ☐ Corporation  ☐ IRA/401K  ☐ Pension Plan

☐ Estate  ☐ Trust  ☐ Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity, you may write "multiple." Please see Paragraph 9 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

## PART III – SCHEDULE OF TRANSACTIONS IN STERICYCLE COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired publicly-traded Stericycle common stock ("Stericycle Common Stock") in the open market during the period from February 7, 2013 through February 21, 2018, inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 7, above. Do not include information regarding securities other than Stericycle Common Stock.

---

**1. HOLDINGS AS OF FEBRUARY 7, 2013** – State the total number of shares of Stericycle Common Stock held as of the opening of trading on February 7, 2013. (Must be documented.) If none, write "zero" or "0." _____

**2. PURCHASES/ACQUISITIONS FROM FEBRUARY 7, 2013 THROUGH FEBRUARY 21, 2018** – Separately list each and every purchase/acquisition (including free receipts) of Stericycle Common Stock from after the opening of trading on February 7, 2013 through and including the close of trading on February 21, 2018. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| /    / | | $ | $○ |
| /    / | | $ | $○ |
| /    / | | $ | $○ |
| /    / | | $ | $○ |

**3. PURCHASES/ACQUISITIONS FROM FEBRUARY 22, 2018 THROUGH MAY 22, 2018** – State the total number of shares of Stericycle Common Stock purchased/acquired (including free receipts) from after the opening of trading on February 22, 2018 through and including the close of trading on May 22, 2018. If none, write "zero" or "0."[2] _____

| **4. SALES FROM FEBRUARY 7, 2013 THROUGH MAY 22, 2018** – Separately list each and every sale/disposition (including free deliveries) of Stericycle Common Stock from after the opening of trading on February 7, 2013 through and including the close of trading on May 22, 2018. (Must be documented.) | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
| /    / | | $ | $○ |
| /    / | | $ | $○ |

---

[2] **Please note**: Information requested with respect to your purchases/acquisitions of Stericycle Common Stock from after the opening of trading on February 22, 2018 through and including the close of trading on May 22, 2018 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.

| / / | | $ | $○ |
|---|---|---|---|
| / / | | $ | $○ |

**5. HOLDINGS AS OF MAY 22, 2018 –** State the total number of shares of Stericycle Common Stock held as of the close of trading on May 22, 2018. (Must be documented.) If none, write "zero" or "0." _____

---

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

## PART IV – SCHEDULE OF TRANSACTIONS IN STERICYCLE DEPOSITARY SHARES

Complete this Part IV if and only if you purchased or otherwise acquired publicly-traded Stericycle depositary shares ("Stericycle Depositary Shares") in the open market during the period from the initial public offering of Stericycle Depositary Shares (conducted on or around September 15, 2015) through February 21, 2018, inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 7, above. Do not include information regarding securities other than Stericycle Depositary Shares.

**1. PURCHASES/ACQUISITIONS FROM THE INITIAL PUBLIC OFFERING (CONDUCTED ON OR AROUND SEPTEMBER 15, 2015) THROUGH FEBRUARY 21, 2018** – Separately list each and every purchase/acquisition (including free receipts) of Stericycle Depositary Shares from the initial public offering of Stericycle Depositary Shares (conducted on or around September 15, 2015) through and including the close of trading on February 21, 2018.

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $○ |
| / / | | $ | $○ |
| / / | | $ | $○ |
| / / | | $ | $○ |

**3. PURCHASES/ACQUISITIONS FROM FEBRUARY 22, 2018 THROUGH MAY 22, 2018** – State the total number of Stericycle Depositary Shares purchased/acquired (including free receipts) from after the opening of trading on February 22, 2018 through and including the close of trading on May 22, 2018. If none, write "zero" or "0."[3]
_____

| **4. SALES FROM THE INITIAL PUBLIC OFFERING (CONDUCTED ON OR AROUND SEPTEMBER 15, 2015) THROUGH MAY 22, 2018** – Separately list each and every sale/disposition (including free deliveries) of Stericycle Depositary Shares from the initial public offering of Stericycle Depositary Shares (conducted on or around September 15, 2015) through and including the close of trading on May 22, 2018. (Must be documented.) | **IF NONE, CHECK HERE** ○ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| / / | | $ | $○ |

---

[3] **Please note**: Information requested with respect to your purchases/acquisitions of Stericycle Common Stock from after the opening of trading on February 22, 2018 through and including the close of trading on May 22, 2018 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.

| / / | | $ | $○ |
|-----|---|---|----|
| / / | | $ | $○ |
| / / | | $ | $○ |

**5. HOLDINGS AS OF MAY 22, 2018 –** State the total number of Stericycle Depositary Shares held as of the close of trading on May 22, 2018. (Must be documented.) If none, write "zero" or "0." _____

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

## PART V - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and my (our) heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.  that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.  that the claimant(s) is a (are) members of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.  that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.  that I (we) own(ed) the Stericycle Securities identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.  that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Stericycle Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.  that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

7.  that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.  that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this claim and waives any right of appeal or review with respect to such determination;

9.  that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                    Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                      Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see Paragraph 10 on page __ of this Claim Form.)

### <u>REMINDER CHECKLIST:</u>

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-833-291-1647.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@StericycleSecuritiesLitigation.com, or by toll-free phone at 1-833-291-1647, or you may visit www.StericycleSecuritiesLitigation.com. DO NOT call Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN _____, 2019**, ADDRESSED AS FOLLOWS:

**Stericycle Securities Litigation**
**c/o JND Legal Administration**
**P.O. Box 91124**
**Seattle, WA 98111-9224**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2019 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

#1263123

# EXHIBIT A-3

Exhibit A-3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

*In re Stericycle, Inc. Securities Litigation*

Civ. A. No. 1:16-cv-07145
Hon. Andrea R. Wood

CLASS ACTION

**ECF CASE**

---

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND**
**PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING;**
**AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES**
**AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:** **All persons or entities who, during the period from February 7, 2013 through February 21, 2018, inclusive, purchased or otherwise acquired publicly-traded Stericycle, Inc. ("Stericycle") common stock or publicly-traded Stericycle depositary shares in the open market, including Stericycle depositary shares purchased in or traceable to the public offering of Stericycle depositary shares conducted on or around September 15, 2015, and were damaged thereby (the "Settlement Class")[1]:**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois, Eastern Division (the "Court"), that the above-captioned securities class action (the "Action") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action, on behalf of themselves and the Settlement Class, have reached a proposed settlement of the Action for $45,000,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

---

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

A hearing will be held on _____, **2019 at \_\_:\_\_ \_.m.,** before the Honorable Andrea R. Wood at the United States District Court for the Northern District of Illinois, Eastern Division, Courtroom 1925 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (iii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated February 14, 2019 (and in the Notice) should be granted; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at: Stericycle Securities Litigation, c/o JND Legal Administration, P.O. Box 91124, Seattle, WA 98111-9224, 1-833-291-1647, info@StericycleSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.StericycleSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked* **no later than _____, 2019**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than _____, 2019**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than _____, 2019**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's Office, Stericycle, any of the other Defendants in the Action, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

Stericycle Securities Litigation
c/o JND Legal Administration
P.O. Box 91124
Seattle, WA 98111-9224
1-833-291-1647
info@StericycleSecuritiesLitigation.com
www.StericycleSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

John C. Browne, Esq.
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

By Order of the Court

#1259931

3

# EXHIBIT B

**Exhibit B**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

*In re Stericycle, Inc. Securities Litigation*

Civ. A. No. 1:16-cv-07145
Hon. Andrea R. Wood

CLASS ACTION

**ECF CASE**

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *In re Stericycle, Inc. Securities Litigation*, Civil Action No. 1:16-cv-07145 (the "Action");

WHEREAS, (a) lead plaintiffs the Public Employees' Retirement System of Mississippi and the Arkansas Teacher Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); (b) defendant Stericycle, Inc. ("Stericycle" or the "Company"); (c) defendants Charles A. Alutto, Dan Ginnetti, Brent Arnold, Frank ten Brink, and Richard Kogler (collectively, the "Officer Defendants"); (d) defendants Mark C. Miller, Jack W. Schuler, Lynn Dorsey Bleil, Thomas D. Brown, Thomas F. Chen, Rodney F. Dammeyer, William K. Hall, John Patience, and Mike S. Zafirovski (collectively, the "Director Defendants" and, together with Stericycle and the Officer Defendants, the "Stericycle Defendants"); and (e) defendants Merrill Lynch, Pierce, Fenner & Smith Incorporated, Goldman Sachs & Co. LLC (f/k/a Goldman, Sachs & Co.), J.P. Morgan Securities LLC, HSBC Securities (USA) Inc., MUFG Securities Americas Inc. (f/k/a Mitsubishi UFJ Securities (USA), Inc.), Santander Investment Securities Inc., SMBC Nikko Securities America, Inc., and U.S. Bancorp Investments, Inc. (collectively, the "Underwriter Defendants" and, together with the Stericycle Defendants, the

"Defendants") (Lead Plaintiffs and Defendants, collectively, the "Parties") have entered into a Stipulation and Agreement of Settlement dated February 14, 2019 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2019 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and accurate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2019 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.     **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on _____, 2019; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____, 2019.

3.     **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased or otherwise acquired publicly-traded Stericycle common stock or publicly-traded Stericycle depositary shares in the open market during the period from February 7, 2013 through February 21, 2018, inclusive (the "Class Period"), including Stericycle depositary shares purchased in or traceable to the public offering of Stericycle depositary shares conducted on or around September 15, 2015, and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of any Individual Defendant; (iii) any person who was an Officer or director of Stericycle during the Class Period and any members of their Immediate Family; (iv) any parent, subsidiary, or affiliate of Stericycle; (v) any firm, trust, corporation, or other entity in which any Defendant or any other excluded person or entity has, or had during the Class Period, a controlling interest, *provided*, *however*, that any Investment Vehicle

3

shall not be excluded from the Settlement Class; and (vi) the legal representatives, agents, heirs, successors-in-interest, or assigns of any such excluded persons or entities.  [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4.       **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiffs as Class Representatives for the Settlement Class and appoints Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.       **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution

(including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.

6.     Defendants have complied with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715, et seq.  Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of each State.  The CAFA notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8).  The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. §1715.

7.     **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class.  Specifically, the Court finds that:  (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.     The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.     **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

10.    **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)     Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (including, without limitation, Unknown Claims) against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against any of the Defendants'

6

Releasees. This Release shall not apply to the Excluded Plaintiffs' Claims (as that term is defined in paragraph 1(oo) of the Stipulation).

(b)      Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (including, without limitation, Unknown Claims) against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims (including, without limitation, Unknown Claims) against any of the Plaintiffs' Releasees. This Release shall not apply to the Excluded Defendants' Claims (as that term is defined in paragraph 1(nn) of the Stipulation).

11.      Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12.      **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13.      **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in

7

connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

       (a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

       (b)     shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

       (c)     shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

8

(d)     shall be deemed to be, and shall not be argued to be or offered or received as evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

14.     **Finality of Judgment** – Notwithstanding the provisions of the preceding paragraph, the Defendants' Releasees and their respective counsel may refer to or file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or otherwise to enforce the terms of the Settlement.

15.     **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16.     Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.  **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.  **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on December 6, 2018, as provided in the Stipulation.

19.  **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

20.  **Satisfaction of Judgment** – The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $45,000,000.00 in cash to the Settlement Fund.

SO ORDERED this _____ day of _____, 2019.

_____
The Honorable Andrea R. Wood
United States District Judge

**Exhibit 1**

[**List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**]

#1259930