UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE<br>STERICYCLE SECURITES LITIGATION | Case No. 1:16-cv-07145<br><br><u>CLASS ACTION</u><br><br>Hon. Andrea R. Wood |
| MARK PETRI,<br><br>        Objector. | |

**RESPONSE TO NOTICE OF RECENT AUTHORITY**

      Plaintiffs' Notice of Recent Authority (Dkt. 144) contains more than three pages of argument greatly exaggerating a single conclusory paragraph regarding a different argument raised by a grossly inadequate lead plaintiff applicant. *In re Boeing Co. Aircraft Secs. Litig.*, No. 19-cv-2394, 2019 U.S. Dist. LEXIS 198259 (Nov. 15, 2019) (appointing interim class counsel).

      In *Boeing*, the district court rejected the application of the Wang family, putative plaintiffs who implausibly claimed to have incurred over $4 million in losses due to the relevant decline of Boeing stock. *Id.* at *11. However, the family provided almost no information about itself, and investigators found that the would-be lead plaintiffs appeared to have modest means and living arrangements inconsistent with their purported investments. *Id.* at *17. In response, the Wangs sought an injunction from Nevada state court in an apparent attempt to thwart discovery (*id.* at *19), and refused to provide routine trading reports by any means except though an *in camera* review. *Id.* at *22. For these reasons, the court sensibly found the Wangs unfit to serve as lead plaintiff. *Id.* at *24.

      Only the credibility-challenged Wangs raised arguments against the adequacy of MissPERS and its law firm in *Boeing*. The court dismissed this argument in a single paragraph, concluding that since MissPERS and Bernstein Litowitz had been appointed many times since 2016, "the Court is

satisfied that MPERS' selection of the Bernstein Litowitz firm does not undermine MPERS' adequacy to serve as Lead Plaintiff." *Id.* at \*31. But in the vast majority of these appointments, no party cited *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016) ("*BLB&G*") or *Cambridge Ret. Sys. v. Mednax, Inc.*, No. 18-61572, 2018 WL 8804814, 2018 U.S. Dist. LEXIS 207064 (S.D. Fla. Dec. 6, 2018). And in *Boeing*, the argument was only raised by a proposed lead plaintiff with such glaring adequacy problems that the district court surmised that Wang's *BLB&G* argument was a "bit of tit-for-tat." 2019 U.S. Dist. LEXIS 198259 at \*30. The court's cursory discussion of *BLB&G* and *Mednax* shows it was a shallow review. For example, the court critiques *Mednax* for finding that the core facts of diverting legal work to "local counsel" at the Attorney General's insistence were uncontested, crediting Bernstein Litowitz's uncorroborated assertion to the Second Circuit that "the complaint is unreliable and contesting the truth of the allegations in the complaint." *Id.* at \*31 n.11. But the unsealed documents from the underlying *BLB&G* record show that the attorney general's office *admitted* the key facts. Jim Hood's office required appointment of local counsel, "and any such special legal counsel appointed performs their duties under the **supervision and control of the attorney general**." Dkt. 120-4 at 4 (emphasis in original); *see* Objection (Dkt. 120) at 12.

The *Boeing* court further did not consider the history of campaign contributions by Bernstein Litowitz to Jim Hood and the Democratic Attorney Generals' Association. Dkt. 121 at 8. Nor was the *Boeing* court confronted with fee requests by two law firms never previously disclosed and not part of the interim appointment order. Here, in contrast, two firms with records of political contributions to Jim Hood became public only upon settlement, much like the "local counsel" that was credibly diverted work at MissPERS insistence according to the *BLB&G* whistleblower. *Id.* at 9.

*Boeing* simply rejected a desperate argument raised by a manifestly unsuitable lead plaintiff. *Boeing* does not suggest that political patronage is irrelevant as a matter of law, much less that discovery into apparent *quid pro quo* patronage should be denied, which is the key question of Objector Petri's Motion to Lift Stay. Dkt. 121.

Dated: November 26, 2019 /s/ M. Frank Bednarz
M. Frank Bednarz, (ARDC No. 6299073)
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1145 E. Hyde Park Blvd. Unit 3A
Chicago, IL 60615
Phone: 801-706-2690
Email: frank.bednarz@hlli.org

*Attorney for Objector Mark Petri, as trustee for the Julia Winkler Petri 2014 Trust, created under Article III, Section (D) of the Margaret Gregory Reiter 1988 Trust, created by Agreement dated June 9, 1988, as amended July 22, 1992*

**Certificate of Service**

The undersigned certifies he electronically filed the foregoing Response to Notice of Supplemental Authority via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing.

Dated: November 26, 2019

/s/ M. Frank Bednarz  
M. Frank Bednarz