UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE<br>STERICYCLE SECURITES LITIGATION | Case No. 1:16-cv-07145<br><br><u>CLASS ACTION</u><br><br>Hon. Andrea R. Wood |
| MARK PETRI,<br><br>          Objector. | |

**NOTICE OF RECENT AUTHORITY CONCERNING
THE MARKET RATE FOR PLAINTIFFS' COUNSEL AND
RESPONSE TO NOTICE OF RECENT AUTHORITY**

**I.    New Authority Regarding the Market Rate of Bernstein Litowitz Berger & Grossmann LLP for Securities Litigation**

As discussed in Petri's Motion to Lift Stay, "[a] court must give counsel the market rate for legal services" and the "market rate, as a percentage of recovery, likely falls as the stakes increase." *In re Synthroid Mktg. Litig.*, 325 F.3d 974, 975 (7th Cir. 2003) ("*Synthroid II*"). We generally know this is true because other securities plaintiffs—when not guided by political concerns—insist on lower rates for large settlements struck prior to summary judgment. *See* Motion to Lift Stay, Dkt. 121 at 5.

Petri gives notice of new authority suggesting the specific market rate for Bernstein Litowitz among sophisticated clients. In the attached declaration, filed after Petri briefed his objection and motion, the Executive Director for the Chicago School Teachers' Pension explains how "Chicago Teachers entered into a retention agreement with BLB&G that provided for a percentage fee of 15% if a settlement was reached after a ruling on a motion to dismiss and before a ruling on summary judgment." Exhibit 1 at 3 (*In re RH, Inc. Securities Lit.*, No. 17-cv-0554, Dkt. 145-1 (N.D. Cal. Sept. 17, 2019)). This agreement resulted in a 15% fee request on a $50 million securities settlement. *Id.*

If MissPERS and ATRS had provided similar oversight here, an additional $4.5 million would be allocated to the class. But they did not, so the Court must act as the class's fiduciary itself.

## II. Response to Plaintiffs' Notice of Recent Authority (Dkt. 146)

Plaintiffs' latest Notice of Recent Authority (Dkt. 146) is simply a personal attack against an attorney who has not appeared in this case.

*Mark Petri* is the objector to the proposed $11.25 million fee request, not Theodore H. Frank. Frank Bednarz, the undersigned, takes his independent responsibilities under Rule 11 seriously, and finds it disappointing that plaintiffs' counsel attacks his and his clients' motives through such flimsy authority. Unfortunately, the Center for Class Action Fairness is accustomed to such attacks, which is why Mr. Frank preempted such *ad hominem* attacks six months ago in his declaration. *See* Dkt. 120-2.

In any event, the cited characterizations about Mr. Frank are irrelevant and poorly grounded. Mr. Frank denies the *Equifax* court's findings and characterizations, which the *Equifax* court issued without notice or opportunity to respond, and which are subject to appeal. That said, moreover, the findings are wholly irrelevant to *this* case. Neither the *Equifax* court nor plaintiffs' counsel identify any false or misleading information in *Petri's* objection.

Plaintiffs' counsel next quotes speculation that Frank's objection could have "lead to no settlement (and possibly no recovery at all)," and thus ultimately harm the class. Dkt. 146 at 2. Putting aside the improbability of the assertion, the argument is perfectly irrelevant here. The Stericycle settlement has already been approved *with Objector Petri's assent!* Dkt. 142. The sole remaining question is how the $45 million settlement fund should be divided—whether plaintiffs' request for fees, including fees for patrons of the former Attorney General of Mississippi, should be approved in full, or whether limited discovery into the billing and a reduced fee award should instead be granted. Class members like Petri could only *benefit* from a reduction in attorneys' fees.

Plaintiffs' finally cite the *Equifax* court as hypothetically supporting a 25% fee award, although it ultimately awarded 20.36%. Dkt. 146 at 2. But the *Equifax* dicta supporting a hypothetical fee does not supersede this Circuit's controlling authority in *Synthroid* and other in-circuit authority requiring

courts to look at the actual market value of comparable legal services. "The first benchmark [for market rate fees] is actual agreements." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 719 (7th Cir. 2001) ("*Synthroid I*"). Therefore, retention agreements like the one bargained by the Chicago Teachers' Pension in a comparably-sized securities suit with the very same law firm provide insight into the appropriate fee award in this case. The *dicta* of a court not bound to follow this circuit's based approach to attorneys' fees—and in a consumer privacy settlement—does not.

Plaintiffs' counsel concludes by simply attacking Frank as a "serial objector" and once again impugning his motives. *Id.* But even if plaintiffs' counsel had credibly attacked the motives of *Objector Petri* rather than Frank, an objector's motives are not relevant. Petri's objection and motion for discovery should be decided on the merits of the arguments presented, not based on labelling one side as a "serial objector" or any other label, for that matter. That objectors' counsel has "represented objectors in other actions … has no greater bearing on the merits of the objections raised than a plaintiff's counsel's experience in filing class action suits speaks to the merits of the claims he brings." *True v. Am. Honda*, 749 F. Supp. 2d 1052, 1079-80 (C.D. Cal. 2010). The Seventh Circuit has made clear that Frank's status as a "professional objector" should not short-circuit consideration of meritorious objections. *In re Subway Footlong Sandwich Mktg. & Sales Practices Litig.*, 869 F.3d 551, 553 (7th Cir. 2017) (reversing denial of Frank's objection).

Here, Petri's "petition sought relief for the benefit of all the stockholders. The rights of these stockholders are not to be ignored because of some motive attributable to [Frank]." *Young v. Higbee Co.*, 324 U.S. 204, 214 (1945).

Dated: January 29, 2020 /s/ M. Frank Bednarz
M. Frank Bednarz, (ARDC No. 6299073)
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1145 E. Hyde Park Blvd. Unit 3A
Chicago, IL 60615
Phone: 801-706-2690
Email: frank.bednarz@hlli.org

*Attorney for Objector Mark Petri, as trustee for the Julia Winkler Petri 2014 Trust, created under Article III, Section (D) of the Margaret Gregory Reiter 1988 Trust, created by Agreement dated June 9, 1988, as amended July 22, 1992*

**Certificate of Service**

The undersigned certifies he electronically filed the foregoing Response to Notice of Supplemental Authority via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing.

Dated: January 29, 2020

/s/ M. Frank Bednarz
M. Frank Bednarz
