**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| *In re Stericycle, Inc. Securities Litigation* | No. 1:16-cv-07145 <br><br> Judge Andrea R. Wood <br><br> <u>CLASS ACTION</u> |

**ORDER AWARDING ATTORNEYS' FEES AND
<u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

WHEREAS, this matter came on for hearing on July 22, 2019 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested; and

WHEREAS, this Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated February 14, 2019 (ECF No. 108-1) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. **Jurisdiction** – The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members, for purposes of the Settlement.

2. **Notice** – Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and reimbursement of Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended (the "PSLRA"), and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

3. **Fee and Expense Award** – Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund, net of total Court-awarded Litigation Expenses and Notice and Administration Costs, which sums the Court finds to be fair and reasonable. Plaintiffs' Counsel are also hereby awarded $134,812.30 in reimbursement of Plaintiffs' Counsel's Litigation Expenses to be paid from the Settlement Fund, which sum the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in the manner described in paragraph 3 of The Supplemental Declaration of John C. Browne In Support Of (I) Lead Plaintiffs' Motion For Final Approval Of Settlement And Plan Of Allocation; (II) Lead Counsel's Motion For An Award Of Attorneys' Fees And Reimbursement Of Litigation Expenses; And (III) Lead Plaintiffs' Opposition To Objector Mark Petri's Motion To Lift Stay For Limited

Discovery, such that each of the three Plaintiffs' Counsel firms will receive the same lodestar multiplier on their time as submitted to the Court. There will be no payments out of the award of attorneys' fees to any other firms or entities.

    4.    **Factual Findings** – In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

    (a)    The Settlement has created a fund of $45,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

    (b)    The fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiffs, institutional investors that oversaw the prosecution and resolution of the Action;

    (c)    More than 304,800 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for (i) an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund, and (ii) reimbursement of Plaintiffs' Counsel's Litigation Expenses in an amount not to exceed $350,000, which may include reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class;

    (d)    Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    (e)    The Action raised a number of complex issues;

(f) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g) The amount of attorneys' fees awarded and Litigation Expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

(h) There was one objection to the requested attorneys' fees, filed by Mark Petri. The Court has considered the objection filed by Mr. Petri and it is denied.

5. **PSLRA Awards** – Lead Plaintiff the Public Employees' Retirement System of Mississippi is hereby awarded $21,618.75 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

6. Lead Plaintiff the Arkansas Teacher Retirement System is hereby awarded $873.36 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7. **No Impact on Judgment** – Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8. **Retention of Jurisdiction** – Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

9. **Termination of Settlement** – In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

5

10. **<u>Entry of Order</u>** – There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 19th day of May, 2019.

_____
Andrea R. Wood
United States District Judge