**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ST. LUCIE COUNTY FIRE DISTRICT FIREFIGHTERS PENSION TRUST FUND, et al., | ) ) ) | |
| Plaintiff, | ) ) ) | No. 16-cv-07145 |
| v. | ) ) | Judge Andrea R. Wood |
| STERICYCLE, INC., et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER

Plaintiffs' revised motion for attorneys' fees [174] is granted. Specifically, the Court awards Class Counsel attorneys' fees in the amount of 17.5% of the settlement fund, net of litigation expenses and notice and administration costs, which amounts to $7,689,971.73 (exclusive of interest). In addition, Objector Mark G. Petri's motion for attorneys' fees and incentive award [178] is granted. Counsel for Objector is awarded $575,000 in attorneys' fees and Objector is awarded a $1,000 incentive award. The parties are directed to submit a proposed order awarding fees and the incentive award to the Court's proposed order emailbox (Proposed_Order_Wood@ilnd.uscourts.gov) by 2/6/2023. As all outstanding matters regarding this case have now been resolved, the telephonic status hearing set for 1/31/2023 is stricken. See the accompanying Statement for details.

## STATEMENT

Public Employees' Retirement System of Mississippi ("MissPERS") and Arkansas Teacher Retirement System (collectively, "Lead Plaintiffs") brought this securities class action on behalf of themselves and other shareholders in Defendant Stericycle, Inc. ("Stericycle"), alleging that Stericycle defrauded shareholders by artificially inflating its financials. Ultimately, the parties agreed to settle the class action for $45 million. This Court approved that settlement. But counsel for Lead Plaintiffs, Bernstein, Litowitz, Berger & Grossman LLP ("Lead Counsel"), also moved for an award of attorneys' fees. Specifically, Lead Counsel requested attorneys' fees in the amount of 25% of the settlement amount. One member of the settlement class, Mark G. Petri, objected to that motion. After considering that objection, this Court also approved Lead Counsel's requested 25% fee award. (Dkt. Nos. 149, 150.) The objector, Petri, subsequently appealed the attorneys' fee award (along with another ruling not relevant here).

On appeal, the Seventh Circuit vacated the 25% fee award. *In re Stericycle Sec. Litig.*, 35 F.4th 555 (7th Cir. 2022). While recognizing that this Court attempted to award attorneys' fees in a manner that replicated what a pre-lawsuit market arrangement would or should have been, the

Seventh Circuit nonetheless found that this Court's analysis was incomplete for three reasons. First, it explained that the Court failed to consider an ex ante fee agreement entered into between MissPERS and Lead Counsel that authorized attorneys' fees based on a tiered recovery structure whereby a decreasing percentage recoverable is applied to increasing tranches of the recovery amount. *Id.* at 560–63. Next, the Seventh Circuit found that the Court did not fully consider certain factors relevant to class counsel's risk of nonpayment. *Id.* at 563–66. Finally, the Seventh Circuit held that the Court did not give sufficient weight to the early stage at which the case settled. *Id.* at 566. For these reasons, the Seventh Circuit remanded the case and directed this Court to recalculate the attorneys' fee award.

Now before the Court, on remand, is Lead Counsel's revised motion for attorneys' fees. (Dkt. No. 174.) Lead Counsel has modified their request to seek 17.5% of the settlement fund, net of litigation expenses and notice and administration costs. After objecting to Lead Counsel's previous request for attorneys' fees, Petri now states that he has no objection to the revised attorneys' fee request. He also moves for an award of fees for his own attorneys as well as an incentive award due to the benefit he has obtained for the class. (Dkt. No. 178.)

As an initial matter, Petri's lack of objection weighs in favor of the reasonableness of Lead Counsel's request. *See, e.g.*, *In re Mercury Interactive Corp. Sec. Litig.*, No. 5:05-cv-03395-JF, 2011 WL 826797, at *2 (N.D. Cal. Mar. 3, 2011) ("The Court finds it significant that Lead Counsel resolved the objections of the two institutional objectors . . . ."). The Court further finds that an award of 17.5% of the settlement amount is consistent with the Seventh Circuit's decision vacating Lead Counsel's previous award. As interpreted by the Seventh Circuit, application of the ex ante fee agreement between MissPERS and Lead Counsel to a recovery of $45 million calls for an award of attorneys' fees equal to approximately 12.78% of the settlement. However, the MissPERS agreement was not the only applicable ex ante fee agreement in this matter. Rather, under its fee agreement with the Arkansas Teacher Retirement System, Lead Counsel was permitted to seek attorneys' fees of up to 25% of the net recovery. (Decl. of John C. Browne Regarding Revised Mot. for Attorneys' Fees, Ex. 8, Dkt. No. 176-8.) And the Seventh Circuit expressly authorized this Court to consider that agreement along with the MissPERS agreement in recalculating the attorneys' fees award. *Stericycle*, 35 F.4th at 563 n.6. The Court believes that a 17.5% attorneys' fee award appropriately harmonizes the maximum recoveries permitted under the respective ex ante fee agreements.

Next, the Seventh Circuit directed this Court to consider more fully certain factors that it believed reduced class counsel's risk of nonpayment. Most prominently, the Seventh Circuit believed that settlements in prior litigation against Stericycle—one brought by the federal government and state Attorneys General and another brought by a class of Stericycle customers— strengthened Plaintiffs' case in this litigation and "substantially reduc[ed] class counsel's risk of recovering nothing." *Id.* at 564–65. At the same time, the Seventh Circuit acknowledged that "the analysis should be based on the risk that existed when the litigation began—not at the time of settlement." *Id.* at 565. And when this case was first initiated, only the government case had settled, whereas the private customers' action was still pending. Moreover, the claims in the related litigation were based on Stericycle's misconduct toward its customers. By contrast, Plaintiffs' securities fraud claims here concern whether Defendants made false or misleading statements to Stericycle's investors. Thus, even if Stericycle was liable for misconduct toward its

customers (and it made no admission of liability in the settlements), that would not necessarily establish any element of the securities fraud claims Plaintiffs asserted here.

Further, Lead Counsel explains how the prior litigation actually created a significant risk with respect to this action. In particular, proceedings in those earlier cases gave Defendants a plausible basis to argue that Plaintiffs had notice of their claims as early as January 2013, such that the statute of limitations had run on their claims by the time Plaintiffs filed their original complaint in July 2016. A full consideration of the prior litigation therefore tends to suggest that those proceedings only had a moderate mitigating effect on the risk of nonpayment.

Finally, the Seventh Circuit directed the Court to conduct a more complete analysis of the amount of work performed by class counsel. In particular, it believed that this Court did not give sufficient weight to the fact that this case settled before a motion-to-dismiss ruling and did not account for the groundwork laid by the prior litigation. This Court finds it significant that this case was pending for over two years at the time the parties settled. And while the Court never ruled on a motion to dismiss, the parties undertook two rounds of briefing on motions to dismiss that were ultimately mooted—the first by an amended complaint, the second as a result of the parties' settlement agreement. In addition, Lead Counsel persuasively explains why an early settlement was in the best interests of the class, as Stericycle's precarious financial position meant that the risk of nonpayment actually increased the longer the case remained pending.

Having fully considered all the factors raised by the Seventh Circuit, this Court finds that Lead Counsel's request for attorneys' fees in the amount of 17.5% of the net settlement is a reasonable estimate of the market price for class counsel's services in this action. The 17.5% award accounts for the two ex ante fee agreements, the prior litigation against Stericycle, and the early stage at which this case settled. Consequently, Lead Counsel's revised motion for attorneys' fees is granted.

The Court next turns to Petri's request for attorneys' fees for his counsel along with an incentive award for himself. By successfully litigating the attorneys' fee award on appeal and then negotiating a 17.5% award on remand, Petri's work yielded an approximately $3.3 million benefit for the class. Accordingly, Petri seeks $575,000 in attorneys' fees, which represents about 17.4% of the benefit achieved for the class, along with a $1,000 incentive award for himself. Both requests are unopposed. "[F]or an objector to a class action settlement to recover fees, he must show that his objection has secured a benefit to the class that outweighs the fees he is seeking." *Kolinek v. Walgreen Co.*, 311 F.R.D. 438, 503–04 (N.D. Ill. 2015). Similarly, the objector himself is entitled to a modest incentive award when his participation benefits the class. *In re Nat'l Collegiate Athletic Ass'n Student-Athlete Concussion Injury Litig.*, 332 F.R.D. 202, 228–29 (N.D. Ill. 2019). The Court finds that both the 17.4% attorneys' fees award and the $1,000 incentive award are reasonable in light of the substantial benefit that Petri and his counsel secured for the class. Accordingly, Petri's motion for attorneys' fees and incentive award is granted.

Dated:  January 30, 2023

_____
Andrea R. Wood
United States District Judge